## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERNAEA L. WHEELER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.:  1:25-cv-03558-JKB |
| ANNE ARUNDEL COUNTY, *et al.*, | * | |
| Defendants. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## DEFENDANTS' REPLY TO  PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Defendants Anne Arundel County, Christopher Klein, Jasper Ingle, and John Does 1-10 (collectively "Defendants"), by and through their undersigned counsel hereby Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss.

I.    **The EEOC's 90-day right to sue deadline is strictly applied by the courts, and Plaintiff is not entitled to "equitable tolling."**

Prior to filing a civil action in federal district court, an individual must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  42 U.S.C.A. § 2000e–5(b), (e). If—as occurred here—the EEOC concludes that the discrimination charge is without merit, it will issue a "right-to-sue" letter to the charging party, who then has 90 days to file a civil complaint.  42 U.S.C.A. § 2000e–5(f)(1). Equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*) (internal quotation marks omitted). "[E]quitable tolling must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Gayle v. UPS,* 401 F.3d 222, 226 (4th

Cir.2005) (internal quotation marks omitted).   In order to demonstrate entitlement to equitable tolling, a Plaintiff must "present (1) extraordinary circumstances, (2) beyond her control or external to her own conduct, (3) that prevented her from filing on time." *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (internal quotation marks omitted).

Cases that extend deadlines by "equitable tolling" generally relate to individuals that for reasons partially or wholly out of their control do not receive the notice.  Such cases as *Stallworth v. Wells Fargo Armored Services Corp.,* 936 F.2d 522 (11th Cir.1991) are distinguishable from Plaintiff's. In *Stallworth* the Plaintiff moved to a temporary residence without notifying the EEOC of her change of address. *See id at 523.* However, during her absence she regularly checked for mail at her permanent residence. *See id.* at 523–24. The EEOC sent a right-to-sue letter by certified mail to the permanent address, and it was received by Stallworth's nephew. *See id.* at 523. Although Stallworth checked her mail six times during the month the letter arrived, she never actually received it. *See id.* at 524. The Eleventh Circuit ruled that Stallworth was entitled to equitable tolling, holding that she had been reasonably diligent in attempting to ensure receipt of the right-to-sue letter. *See id.* at 524–25.

In *Coleman v. Talbot County Detention Center*, 242 Fed.Appx. 72 (4th Cir. 2007) the Plaintiff also moved without updating her address with the EEOC.  When she did not receive a right-to-sue letter, her attorney reached out to the EEOC.  The Fourth Circuit determined that it was reasonable for Coleman to assume the EEOC would update her attorney of the right-to-sue timeframe and applied "equitable tolling" to her matter.

Plaintiff's claim to "equitable tolling" relates to her *pro se* status before the EEOC.  She does not deny receipt of the original right-to-sue letter, nor does she claim to have been informed by anyone at the EEOC that a subsequent filing would extend the time on the first.   She had a

2

statutory duty to either file suit within the 90 days on the claims presented to the EEOC or allow them to expire. There is no argument or allegation that Plaintiff was informed by anyone that her subsequent claims would relate to or continue the allegations of her first claim.

To the extent that any of Plaintiff's current Complaint survives the motion to dismiss, or in the alternative for summary judgment, her Title VII claims must be limited to those brought in the second of her EEOC claims. Prior claims raised in the first EEOC charge have expired.

**II.     Common law wrongful discharge is not a "backstop" for when the statutory scheme does not deliver an adequate remedy.**

In her Opposition, Plaintiff argues that her claim for wrongful discharge is "structured to operate in sequence" with her Title VII and Title 20 claims. She lays out a theory that if her statutory claims yield an "adequate remedy," the wrongful discharge claim will not be triggered. But if she her statutory claims fail for whatever reason, she argues that public policy should be available as a source of recovery. While alternative pleading may be possible in some circumstances, Plaintiff's outline of an interaction of her statutory and common law claims misstates Maryland wrongful or abusive discharge.

The common law tort of wrongful discharge is available only when an individual has <u>no</u> statutory remedy. Plaintiff cites *Kerrigan v. Magnum Entertainment, Inc.*, 804 F. Supp. 733 (D. Md. 1992) in her Opposition. This case is a good example of the common law. In that case, the Plaintiff was terminated due to her pregnancy by a employer that was too small to be bound by federal and state employment law. The Plaintiff argued that her situation was protected by public policy, and the Court agreed.

In the current matter neither party is claiming that federal and state employment law do not apply. There are arguments that the Plaintiff has allowed deadlines to expire and has failed to

plead.  However, common law wrongful discharge is not a work-around for claims excluded due to statutory errors.

**III.   Defendants rely on the arguments set forth in their Motion.**

In their Memorandum in Support of Motion the Motion to Dismiss ("Memorandum"), which Defendants incorporates herein by reference, Defendants set forth more fully the grounds and authority for their Motion.  As explained in the Memorandum, Plaintiff has failed to state a claim for which relief can be granted and Defendants are entitled to judgment as a matter of law.

WHEREFORE, Defendants Anne Arundel County, Christopher Klein, Jasper Ingle, and John Does 1-10 respectfully request that this Court grant their Motion and dismiss all claims of Plaintiff's Complaint.

Respectfully Submitted,

GREGORY J. SWAIN
County Attorney

   /s/ Genevieve G. Marshall

Genevieve G. Marshall (Bar No. 27591)

Senior Assistant County Attorney

2660 Riva Road, 4th Floor

Annapolis, Maryland 21401

Tel: 410-222-7888

lwmars99@aacounty.org

*Attorneys for Defendants*

Date:   March 27, 2026

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of March, 2026, a copy of this Reply was served

electronically via ECF on:


Katherine Patton, Esq.
Quinn Patton, LC
 838 Ritchie Highway, Suite 4
Severna Park, MD 21146
443.247.5444
katpatton@quinnpatton.com


*Counsel for Plaintiff*


   /s/ Genevieve G. Marshall

Genevieve G. Marshall